Jack Dubois Chaffee
vs.
Providence National Bank, } Eq. No. 10556
et als.

December 29, 1930.

HAHN, J. This is a suit in equity brought by Jack Dubois Chaffee of Providence against the Providence National Bank and others, in which the complainant seeks to have paid over to him the balance of a certain account on deposit in said bank purporting to represent a trust fund established for the benefit of the complainant.

The evidence shows that complainant, who is now 21 years of age, had a bank account in the Providence Institution for Savings, and that in the latter part of the year 1925, while he was a minor about 16 years of age, his grandmother, Jennie R. Dubois, caused him to withdraw $900 from said account, which amount was delivered to her. A month later she deposited the amount of $1000 with the Merchants' National Bank of Providence, since absorbed by the Providence National Bank, and at the time she made said deposit the following memorandum was made on the card record of said bank evidencing said account, namely:

"(Before making payments read below.) No payments to be made to J. D. C. until he is twenty-one years old—and income only until thirty years old—then he may draw principal. In case of death of both Mrs. Dubois and J. D. C. balance of deposit to be payable to Mrs. Desiree Dubois Chaffee, 215 Waterman Ave., E. Prov. In case of death of Mrs. Dubois and the ward living—then the trusteeship to be succeeded by Mrs. Desiree Dubois Chaffee."

A short time after the original account was opened an additional amount of $100 was added to said account.

Mrs. Dubois died in October, 1926, leaving a last will and testament which was duly admitted to probate by the Probate Court of East Providence, in which instrument William R. Randall, one of the respondents herein, was appointed as executor of said will, and all of the residuary estate was given to said William R. Randall as trustee of certain trusts established by said will. Said Randall has filed his final account as executor, which has been accepted by said Probate Court, and in his capacity as trustee has taken over the residuary estate, amounting to more than $90,000.

Mrs. Desiree Dubois Chaffee, mother of the complainant and the daughter of Jennie R. Dubois, died in the month of September, 1928, leaving a last will

and testament, which was duly admitted to probate by said Probate Court, in which instrument the Rhode Island Hospital Trust Company, one of the respondents herein, was appointed executor and also as trustee of all the residuary estate. Said executor has not yet filed its final account.

Complainant is now the sole cestui que trust of the trust established by his grandmother's will, the terms of which provide for the termination of said trust when the cestui shall reach the age of thirty years, at which time the principal thereof is to be paid to him, with remainder over in the event that he shall die without issue before reaching that age.

Complainant is also the sole cestui under his mother's will, which provides that the entire residuary estate shall be held by the trustee and that the income therefrom shall be paid to the complainant until he shall reach the age of thirty-five years, at which time the trust shall be terminated and all residue shall be paid to the complainant, his heirs and assigns.

It is the contention of the complainant that, with reference to the deposit of $900, a constructive trust arises for his benefit because of his grandmother's dealing with his money, and that, with reference to the remaining $200, this Court should decree a termination of the express trust forthwith because the complainant is of full age and has a vested interest therein, with no remainder over, and therefore is entitled to such termination.

Various respondents have filed answers neither denying nor admitting the allegations of the complainant and leaving him to make proof of the same.

The evidence shows that in 1925, at which time complainant was about 16 years of age, he turned over $900, then on deposit to his credit under the name of Jonathan A. Chaffee, in the Providence Institution for Savings, to his grandmother, understanding that it was to be re-deposited in the same manner in the Providence National or some other bank. The relationship between the parties and complainant's youth undoubtedly were the reasons for his failure to make any inquiries about the nature of the deposit at the time it was made. The money having been deposited in a manner different than that in which it had been deposited or was intended to be deposited, the law raises a constructive trust in favor of complainant for $900 on deposit in the Providence National Bank.

*Perry on Trusts & Trustees*, Sec. 166, page 267. 26 R. C. L. Sec. 83.

As to the remaining $200 on deposit in the Providence National Bank, $100 deposited on December 18, 1925, in addition to the above mentioned $900, and $100 deposited on January 13, 1926. there seems to be no good reason for its further continuance and the same may be terminated, complainant being of full age with a vested interest therein and with no remainder over.

"* * * A court in equity will decree the termination of a trust where there is no good reason for its further continuance."

*Angell* vs. *Angell*, 28 R. I. at page 601.

A decree may be presented in accordance with the above findings.

For complainant: Baker & Spicer, Wm. A. Needham.

For respondents: Edwards & Angell, Tillinghast & Tillinghast.